**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**COAL RIVER MOUNTAIN WATCH, INC.,**

     **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 5:11-cv-00065**

**MARFORK COAL COMPANY, INC.,**

     **Defendant.**

**MEMORANDUM IN SUPPORT OF
<u>MARFORK COAL COMPANY INC.'S MOTION TO DISMISS</u>**

**I. INTRODUCTION**

In this Clean Water Act ("CWA") citizen suit, Coal River Mountain Watch, Inc.
("Plaintiff") alleges that discharges from Marfork Coal Company, Inc.'s ("Marfork") White
Queen Mine have caused or contributed to water discharges from a previously unknown and
unpermitted "house coal" mine (hereinafter referred to "Old Mine").   Doc. 1, pp. 5-6, ¶ 29.  As a
result, Plaintiffs claims their members suffer injuries to their aesthetic, recreational,
environmental, and economic interests:

> Plaintiff's members suffer injuries to their aesthetic, recreational,
> environmental, and economic interests as a result of Marfork's
> unlawful discharges of pollutants. Plaintiff's members enjoy hiking
> near, observing wildlife in, or otherwise using the waters affected
> by Marfork's discharges and are harmed by the pollutants that
> Marfork is discharging without a permit. Plaintiff's members
> refrain from those activities because of Marfork's discharges.
> Plaintiff's members also own property along and near the waters
> affected by Marfork's discharges and their enjoyment of that
> property is lessened by Marfork's discharges. Plaintiff's members
> are also very concerned about the impacts of pollution from
> Marfork's discharges on their friends and neighbors and on local
> wildlife.

*Id.*, p. 3, ¶ 13.

The vague allegations in Plaintiff's complaint are insufficient to establish an injury-in-fact.  The complaint fails to identify with sufficient specificity which waters Plaintiff's members claim an interest in and whether they have plans for future use.  The United States Supreme Court's standing jurisprudence does not permit a plaintiff to base standing under Article III of the United States Constitution on such broad, vague statements.  Accordingly, this Court is without subject matter jurisdiction to hear Plaintiff's claims, and they must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991).  When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The district court should grant the Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* "Federal courts have an independent obligation to ensure they do not exceed the scope of their jurisdiction[.]" *Henderson v. Shinseki*, 562 U.S. ___, 131 S.Ct. 1197, 1202 (2011).

## III. ARGUMENT

Plaintiff's complaint fails to allege facts particular to this case sufficient to raise its standing to pursue these claims beyond a speculative level.  Instead, Plaintiff relies upon a generic, formulaic recitation of the minimum legal elements necessary to establish an injury-in-fact.

In order to have standing to bring an action in federal court, a plaintiff must have a sufficient personal stake in the outcome of the matter being litigated to make it jusiciable under Article III of the Constitution.  *See Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.,* 204 F. 3d 149, 153 (4th Cir. 2000); *see also* U.S. Const. Art. III (restricting federal courts to adjudicating "cases" and "controversies").  In order to satisfy the minimum constitutional requirements for standing, the United States Supreme Court has stated that a plaintiff must demonstrate that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  *See Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180-81 (2000)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiff has not submitted any affidavits with its complaint, so its standing to pursue these claims must be determined on the basis of the allegations in its complaint.  Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Factual allegations in a complaint, however, must be enough "to raise a right to relief above the speculative level." *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In the present case, Plaintiff has failed to allege facts sufficient to demonstrate concrete and imminent "injury in fact" arising from the allegedly illegal discharges.  Indeed,

Plaintiff has failed to allege any facts particular to this case.  Rather, the complaint is merely a formulaic recitation of the standing elements outlined *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).  The allegations are simply too broad and vague to support a finding of a personal stake in this particular case above and beyond the general interest any citizen could claim in seeing to the enforcement of environmental laws.  For one thing, the complaint fails to adequately specify the allegedly affected area that confers standing on its members.  Secondly, Plaintiff failed to allege future use of the allegedly impacted area.

A.     **Plaintiff's Failure to Narrow its Allegations to a Specific Area Renders the Complaint Inadequate to Support a Finding of a Personal Injury-in-Fact.**

Plaintiff's complaint simply does not contain enough detail to establish standing. Plaintiff bases its standing on harm to its members' interests in the "waters affected by Marfork's discharges." Doc. 1, p. 3, ¶ 13.   The complaint does not, however, identify any individual members, describe how their specific interests are harmed, or specify which affected waters they have an interest in.   Under similar circumstances, the United States Supreme Court held that environmental plaintiffs did not have standing in *Lujan v. National Wildlife Federation,* 497 U.S. 871 (1990).   In *Lujan,* an environmental organization challenged a governmental action that allegedly opened public lands for mining. *Id.* at 879.  The affidavit of one member stated:

> My recreational use and aesthetic enjoyment of federal lands, particularly those in the vicinity of South Pass-Green Mountain, Wyoming have been and continue to be adversely affected in fact by the unlawful actions of the Bureau and the Department. In particular, the South Pass-Green Mountain area of Wyoming has been opened to the staking of mining claims and oil and gas leasing, an action which threatens the aesthetic beauty and wildlife habitat potential of these lands.

*Id.* at 886 (emphasis added).   The *Lujan* Court held that standing was not established by

4

"averments which state only that one of respondent's members uses unspecified portions of an immense tract of territory, on some portions of which mining activity has occurred or probably will occur by virtue of the governmental action." *Id.* at 889.

By simply referring to "waters affected by Marfork's discharges," Plaintiff's complaint is even broader than the affidavit the Supreme Court found insufficient in *Lujan*. Plaintiffs allege that the discharge from the Old Mine flows to a pond, then to Horse Creek, and eventually to the Big Coal River. Doc. 1, pp. 5-6, ¶ 29. The Court may take judicial notice that the Big Coal River joins the Little Coal River in Boone County, forming the Coal River, which is a tributary of the Kanawha River. The Kanawha River is a tributary of the Ohio River, and so on and so forth. The point being that the area impacted by the discharge of a pollutant into a water way is potentially quite large if one subscribes to the idea that all areas downstream of pollution are incrementally degraded by every pollutant released into a water system. In failing to define or narrow the term, "waters affected," the allegations in Plaintiff's complaint are similar to the statements in *Lujan* implicating "an immense tract of territory," which the U.S. Supreme Court found insufficient to confer standing.

In *Pollack v. U.S. Dept. Of Justice*, 577 F.3d 736 (7th Cir. 2009), the Seventh Circuit emphasized the necessity of standing-specific allegations in order to trace harm from the pollution to the party claiming standing. In *Pollack,* the plaintiff claimed that the increase of lead in Lake Michigan impacted his interest in drinking water from the Lake. The plaintiff was not, however, downstream from the entry point of the pollutants. *Id.* Because it was unclear that the pollutants actually harmed the plaintiff, the Court found his interests "too generalized to give rise to standing" without "support for the assertion that [plaintiff] will be affected by the drift of polluted sediment or water...." *Id.* at 741-743.

5

Without identifying specific portions of the "affected waters," Plaintiff in the present case cannot establish that its members will be affected by the drift of polluted water. The vague, generalized injuries alleged in Plaintiff's complaint could be asserted by virtually anyone in the state—or beyond. The injury Plaintiff alleges boils down to a general concern over pollution and a concomitant desire to see environmental laws enforced. Expressions of generalized concern, however, are insufficient to establish the requisite injury-in-fact. *See Center For Biological Diversity v. Lueckel,* 417 F.3d 532, 538 (6th Cir. 2005); *see also Jaramillo v. FCC,* 162 F.3d 675, 677 (D.C.Cir.1998)(holding that "the simple satisfaction of seeing the laws enforced" is not an accepted ground for Article III standing). Accordingly, Plaintiff's complaint fails to plead facts sufficient to raise their standing above a speculative level in accordance with *Twombly* and must, therefore, be dismissed.

**B.     Plaintiffs Have Failed to Sufficiently Allege "Future Use" of the Waters in Question.**

Plaintiff may assert injury-in-fact by alleging harm to its members' recreational or aesthetic interests in the area affected by Marfork. However, such a presentation cannot be limited to past injury. *See Summers v. Earth Island Institute*, 129 S. Ct. 1142, 1150 (2009)(requiring an "imminent future injury that is sought to be enjoined). The allegations in Plaintiff's complaint do not identify how Marfork's alleged actions threaten "imminent and concrete harm" to its members' interests. *Summers*, 129 S. Ct. at 1150.

Although Plaintiff claims that its members enjoy recreational activities that they are currently refraining from due to Marfork's activities, the complaint does not claim specific plans for future use. These implied "'some day' intentions – without …any specification of *when* the some day will be – do not support standing." *Summers*, 129 S. Ct. at 1151 (*quoting*

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)). Standing may not rest on a "vague desire to return to the area 'without any … specification of *when* the some day will be.'" *Wilderness Society, Inc. v. Rey*, No. 06-35565 (9th Cir. Sep. 22, 2010) (*quoting Summers*, 129 S. Ct. at 1151).

### III. CONCLUSION

The vague, general allegations in Plaintiff's complaint are insufficient to establish Article III standing. The Court does not, therefore, have subject matter jurisdiction over these claims. Accordingly, Marfork respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted,

MARFORK COAL COMPANY, INC.
By Counsel

//s//*Christopher M. Hunter*
ROBERT G. McLUSKY, WVBN 2489
CHRISTOPHER M. HUNTER, WVBN 9726
JACKSON KELLY, PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, West Virginia 25322
*Counsel for Marfork Coal Company, Inc.*

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**COAL RIVER MOUNTAIN WATCH, INC.,**

       **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 5:11-cv-00065**

**MARFORK COAL COMPANY, INC.,**

       **Defendant.**

**CERTIFICATE OF SERVICE**

I, Christopher M. Hunter, do hereby certify that on April 4, 2011, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MARFORK COAL COMPANY INC.'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                Benjamin A. Luckett
                Appalachian Center for the Economy and
                  the Environment
                P.O. Box 507
                Lewisburg, WV 24901

                                  *//s//Christopher M. Hunter*
                                  CHRISTOPHER M. HUNTER