IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**COAL RIVER MOUNTAIN WATCH,
INC.,**

        **Plaintiff,**

        v.                              **CIVIL ACTION NO. 5:11-cv-00065**

**MARFORK COAL COMPANY, INC.,**

        **Defendant.**

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR CIVIL PENALTIES

### INTRODUCTION

1.    This is an action for declaratory judgment and mandatory injunctive relief and for civil penalties against Defendant Marfork Coal Company, Inc. ("Marfork"), for violations of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. (hereinafter "the Clean Water Act" or "the CWA").

2.    As detailed below, Plaintiff alleges that Marfork discharged and continues to discharge pollutants commonly associated with coal mining into waters of the United States in persistent violation of Section 301 of the Clean Water Act, 33 U.S.C. § 1311.

### JURISDICTION AND VENUE

5.    This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 33 U.S.C. § 1365 (Clean Water Act citizens' suit provision).

6.    On October 13, 2010, Plaintiff gave notice of the violations and its intent to file suit to the Defendant, the United States Environmental Protection Agency ("EPA"), and the West

Virginia Department of Environmental Protection ("WVDEP"), as required by Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A).

7. More than sixty days have passed since notice was served and neither EPA nor WVDEP has commenced or diligently prosecuted a civil or criminal action under the CWA to redress the violations. Moreover, neither EPA nor WVDEP commenced an administrative penalty action under Section 309(g) of the CWA, 33 U.S.C. § 1319(g), or comparable state law to redress the violations prior to the issuance of the October 13, 2010 notice letter.

8. Venue in this District is proper pursuant to 33 U.S.C. § 1365(c)(1) because the sources of the Clean Water Act violations are located in this District.

## PARTIES

9. Marfork Coal Company, Inc. ("Marfork") is a West Virginia Corporation doing business in Pettus, West Virginia.

10. Marfork is a person within the meaning of Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5).

11. At all relevant times, Marfork owned and operated the Coon Hollow No. 3 Deep Mine in Raleigh County, West Virginia, which is regulated by West Virginia Surface Mining and Control Act (WVSMCRA) Permit U500393. The Coon Hollow No. 3 Deep Mine is also known as the White Queen Mine.

12. Plaintiff Coal River Mountain Watch is a nonprofit membership organization located in southern West Virginia with approximately 500 members, most residing in West Virginia. Its mission is to establish and maintain social, economic and environmental justice in the southern coalfields of West Virginia, to keep communities intact and to improve the quality

of life in these communities. Coal River Mountain Watch is a local leader in environmental and community issues related to the impacts of coal mining.

13. At least one of Plaintiff's members suffers injuries to his aesthetic, recreational, environmental, and economic interests as a result of Marfork's unlawful discharges of pollutants. At least one of Plaintiff's members enjoys recreating along Low Gap Hollow and Horse Creek, and in the past he and his family used those streams to catch aquatic wildlife and to water their horses. That member is no longer able to enjoy Low Gap Hollow and Horse Creek in those ways because of the pollutants that Marfork is discharging without a permit. In addition to his primary residence in Rollyson Hollow off of Horse Creek Road, Plaintiff's member also owns property in Low Gap. His enjoyment of that property is lessened by Marfork's discharges. Plaintiff's member is also very concerned about the impacts of Marfork's pollution on his friends and neighbors and wildlife directly downstream. He enjoys his visits with friends in Low Gap Hollow less because of Marfork's pollution. Overall, Plaintiff's member is very concerned and upset about Marfork's pollutant discharges. In the future, he will continue to visit his friends and property in Low Gap and would like to use Low Gap Hollow and Horse Creek as he did in the past. If Marfork's unlawful discharges ceased, the harm to his interests could be redressed. Injunctions and/or civil penalties would redress Plaintiff's member's injuries by preventing and/or deterring future violations of the Clean Water Act.

14. At all relevant times, Plaintiff was and is a "person" as that term is defined by the CWA, 33 U.S.C. § 1362(5).

## STATUTORY AND REGULATORY FRAMEWORK

15. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" except in compliance with the terms of a permit, such as a National

Pollution Discharge Elimination System ("NPDES") Permit issued by the EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

16. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines the "discharge of a pollutant" as the "addition of any pollutant to navigable waters from any point source."

17. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as the "waters of the United States."

18. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" as "any discernible, confined and discreet conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, [or] discrete fissure . . . from which pollutants are or may be discharged."

19. Section 402(a) of the CWA, 33 U.S.C. § 1342(a), provides that the permit issuing authority may issue a NPDES Permit that authorizes the discharge of any pollutant into waters of the United States, upon the condition that such discharge will meet all applicable requirements of the CWA and such other conditions as the permitting authority determines necessary to carry out the provisions of the CWA.

20. At all times relevant to this complaint, the State of West Virginia has been authorized by EPA to administer a NPDES program for regulating the discharges of pollutants into the waters of West Virginia. Permits issued under this program are known as "WV/NPDES" permits.

21. Section 505(a) of the CWA, 33 U.S.C. § 1365(a), authorizes any "citizen" to "commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of . . . an effluent standard or limitation under this chapter."

22. Section 505(f) of the CWA, 33 U.S.C. § 1365(f), defines an "effluent standard or

limitation under this chapter," for purposes of the citizen suit provision in Section 505(a) of the CWA, 33 U.S.C. § 1365(a), to mean, among other things, an unlawful act under Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

23. In an action brought under Section 505(a) of the CWA, 33 U.S.C. § 1365(a), the district court has jurisdiction to order the defendant or defendants to comply with the CWA and to assess civil penalties under Section 309(d) of the CWA, 33 U.S.C. § 1365(d). See 33 U.S.C. § 1365(a).

24. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, shall be subject to a civil penalty payable to the United States of up to $25,000 per day for each violation.

25. Pursuant to the Federal Civil Penalties Adjustment Act of 1990, 28 U.S.C § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the court may assess a civil penalty of $37,500 per day for each violation that occurred after January 12, 2009. See 40 C.F.R. § 19.4.

26. Under Section 505(d) of the CWA, 33 U.S.C § 1365(d), the court "may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."

## FACTS

27. At all relevant times, Marfork has operated the Coon Hollow No. 3 Deep Mine, part of its Coon Hollow Complex, under WVSMCRA Permit U500393. The Coon Hollow No. 3 Deep Mine is also known as the White Queen Mine.

28. At all relevant times, Marfork has held WV/NPDES Permit WV1013301 for its Coon Hollow Complex. Permit WV1013301 authorizes pollutant discharges from forty-six

specific outlets on the Coon Hollow Complex.

29. Some time prior to January 19, 2010, red water began discharging from an undocumented mine opening to Low Gap Hollow, through the pond of local resident Elmer Mays, and into Horse Creek, which in turn feeds Marsh Fork of the Big Coal River. The undocumented opening is from a "house mine." The house mine is a small area where, prior to passage of modern mining regulatory laws, individuals dug coal directly from the hillside for household use. Prior to the beginning of the red water discharge, the house mine opening was largely covered with soil, vegetation, and other forest detritus. Prior to the beginning of the red water discharge, water did not flow from the house mine into Low Gap Hollow.

30. On January 19, 2010, local resident Ernest Thompson filed a complaint under the West Virginia Surface Mine Control and Reclamation Act (WVSCMRA), reporting the red water discharge to the West Virginia Department of Environmental Protection (WVDEP), Division of Mining and Reclamation. WVDEP officers investigated the red water discharge and ultimately determined that Marfork's Coon Hollow No. 3 Deep Mine (called the "White Queen Mine" by WVDEP) was responsible. In an interoffice WVDEP memo dated September 13, 2010, Geologist Forrest S. Jones and Engineer Gregory K. Demyan found that Marfork had mined into its outcrop barrier, which separates the Coon Hollow No. 3 Deep Mine from the adjacent hillside. The memo concluded that because of the resulting insufficient thickness of the outcrop barrier, hydrostatic head (the buildup of water pressure) in the Coon Hollow No. 3 Deep Mine is now forcing water from that mine to discharge at the undocumented house mine opening.

31. In April or May of 2010, either Marfork or its parent company Massey Energy constructed a sump near the opening of the house mine. The sump collects the red water and discharges through a pipe to Low Gap Hollow. From there, the red water flows a short distance

6

through the channel of Low Gap Hollow into another small pool located above the road that crosses Low Gap Hollow. The red water discharges from this pool through a culvert under the road and flows further down the channel of Low Gap Hollow into the pond of Elmer Mays. From the Mays pond, the red water flows further down the channel of Low Gap Hollow and ultimately discharges into Horse Creek.

32.     According to tests performed for Marfork by Appalachian Laboratories, Inc., the red water discharge contains numerous pollutants commonly associated with coal mining, including, but not limited to, iron, manganese, aluminum, magnesium, suspended solids, and dissolved solids.

33.     The discharge of pollutants from the Coon Hollow No. 3 Deep Mine through the undocumented mine opening is not authorized by Marfork's WV/NPDES Permit WV1013301, which only authorizes pollutant discharges from the forty-six specifically-listed outlets. Nor does any other WV/NPDES permit authorize Marfork to discharge pollutants from the Coon Hollow No. 3 Deep Mine through the undocumented mine opening.

34.     On information and belief, Plaintiff alleges that Marfork is discharging pollutants in the form of red water from its Coon Hollow No. 3 Deep Mine to a water of the United States, the channel of Low Gap Hollow, from a point source, the sump pipe, without a WV/NPDES permit.

35.     Alternatively, on information and belief, Plaintiff alleges that Marfork is discharging pollutants in the form of red water from its Coon Hollow No. 3 Deep Mine to a water of the United States, Horse Creek, from a series of point sources, including the sump pipe, the road culvert, the Mays Pond outlet, and the channel of Low Gap Hollow, without a WV/NPDES permit.

36. On information and belief, Plaintiff alleges that Marfork has discharged pollutants from a point source or sources to waters of the United States without a WV/NPES permit on every day since at least January 19, 2010.

37. In the absence of any meaningful efforts by Defendant to eradicate the discharge of pollutants from Coon Hollow No. 3 Deep Mine, Plaintiff alleges that Marfork is in continuing violation of the Clean Water Act.

38. Plaintiff sent a notice of intent letter ("NOI"), postmarked on October 13, 2010, to Marfork notifying it that its unpermitted discharge of red water violates the Clean Water Act.

39. The NOI also notified Defendant of Plaintiff's intent to sue Defendant for those violations at the end of the 60-day period required by statute.

40. The NOI was sent by certified mail, return receipt requested, to the following persons: Benjamin James Ferguson, President of Marfork Coal Company, Inc.; Randy Huffman, Secretary of WVDEP; Shawn M. Garvin, Regional Administrator of EPA Region III; Lisa P. Jackson, Adminstrator of EPA; and Massey Energy Legal Department, Registered Agent for Marfork Energy, LLC.

## CLAIM FOR RELIEF

41. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 40 supra.

42. Marfork's pollutant discharges identified in the above paragraphs are discharges from a point source or sources into a navigable water of the United States within the meaning of Section 301 of the Clean Water Act, 33 U.S.C. § 1311, which prohibits the discharge of any pollutant by any person, except in compliance with a permit.

43. Marfork does not have a permit for the pollutant discharges identified in the above

paragraphs, as required by Section 301 of the CWA, 33 U.S.C. § 1311.

44. Every discharge in violation of Section 301 of the CWA, 33 U.S.C. § 1311, is actionable under section 505(a)(1) of the Clean Water Act. 33 U.S.C. § 1365(a)(1).

45. On information and belief, Plaintiff alleges that Marfork is in continuing violation of the Clean Water Act as a result of ongoing pollutant discharges because Marfork has taken no meaningful action to eradicate the underlying cause of the discharges.

46. Unless enjoined, Marfork will remain in continuing violation of the Clean Water Act.

47. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Marfork is liable for civil penalties of up to $37,500 per day for its violations of Section 301 of the CWA, 33 U.S.C. § 1311.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this court enter an Order:

(1). Declaring that Marfork has violated and is in continuing violation of the Clean Water Act;

(2). Ordering Marfork to immediately cease discharging pollutants to Low Gap Hollow and Horse Creek, or, if it is impossible to do so, to immediately commence construction of facilities capable of preventing the discharge of pollutants to Low Gap Hollow and Horse Creek;

(3). Ordering Marfork to immediately apply to the West Virginia Department of Environmental Protection for a permit to discharge pollutants into Low Gap Hollow and Horse Creek;

(4). Ordering Marfork to pay appropriate civil penalties of up to $37,500 per day for

each CWA violation;

    (5).    Ordering Marfork to conduct monitoring and sampling to determine the environmental effects of its violations, to remedy and repair environmental contamination and/or degradation caused by its violations, and restore the environment to its prior uncontaminated condition;

    (6).    Awarding Plaintiff's attorney and expert witness fees and all other reasonable expenses incurred in pursuit of this action; and

    (7).    Granting other such relief as the Court deems just and proper.

    Respectfully submitted,

**/s/ BENJAMIN A. LUCKETT**
BENJAMIN A. LUCKETT (W. Va. Bar No. 11463)
DEREK O. TEANEY (W.Va. Bar No. 10223)
JOSEPH M. LOVETT (W.Va. Bar No. 6926)
Appalachian Center for the Economy and the
    Environment
P.O. Box 507
Lewisburg, WV 24901
(304) 645-0125

Counsel for Plaintiff