IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

COAL RIVER MOUNTAIN WATCH, INC.,

      Plaintiff,

v.                                            CIVIL ACTION NO. 5:11-cv-00065

MARFORK COAL COMPANY, INC.,

      Defendant.

## CONSENT DECREE

### I. RECITALS

1. On January 26, 2011, Coal River Mountain Watch, Inc. ("Plaintiff") filed a Complaint for Declaratory and Injunctive Relief and for Civil Penalties in this civil action against Defendant Marfork Coal Company, Inc. ("Defendant").

2. The basis for Plaintiff's suit was the discharges that were the subject of NOV. No. 5 issued by the West Virginia Department of Environmental Protection ("WVDEP") on Permit U-5003-93 on September 15, 2010.  NOV No. 5 alleged that Defendant failed to protect off-site areas from disturbance and failed to minimize disturbance to the hydrologic balance.  The NOV alleged that Defendant's White Queen Mine was causing discharges of poor water quality from an adjacent, previously undocumented mine.

3. On October 1, 2010, Marfork appealed NOV No. 5 to the West Virginia Surface Mine Board.  *See* Exhibit 1.

4. On July 21, 2011, Marfork submitted Incidental Boundary Revision #10 on U-5003-93 to WVDEP in order to obtain authorization to horizontally drill and pipe the water from the White Queen Mine to its 10A Mine.  The drilling allowed water to drain out of the White Queen Mine and eliminated the potential for accumulation of water against the barrier

1

EXHIBIT 1

separating it from the undocumented mine, thereby ensuring that water from the White Queen Mine will not cause or contribute to future discharges from the undocumented mine opening.

5. On October 24, 2011, Defendant entered into an Agreed Order with WVDEP, whereby Defendant agreed to pay the penalty associated with NOV No. 5 and to dismiss its appeal to the Surface Mine Board. *See* Exhibit 2.

6. On April 4, 2011, Defendant moved to dismiss Plaintiff's claims in this suit due to lack of standing.

7. On April 18, 2011, Plaintiff moved to Amend its Complaint in order to clarify its basis for standing.

8. On November 21, 2011, the Court granted Plaintiff's motion to amend its Complaint and denied Defendant's Motion to Dismiss as moot.

9. The Parties recognize, and the Court by entering this Consent Decree finds, that the Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation among the Parties, and that this Decree is fair, reasonable and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

## II. JURISDICTION AND VENUE

10. For purposes of this Consent Decree, the Parties agree that this Court has jurisdiction over the Parties and over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 33 U.S.C. § 1365 (CWA citizen suit provision) and 30 U.S.C. § 1270 (SMCRA citizen suit provision).

11. Venue is proper in the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) and (c), because it is the judicial district in which Defendant is located,

resides and/or does business, and/or in which the violations alleged in the Complaint occurred, as well as 33 U.S.C. § 1365(c)(1), because the sources of the alleged CWA violations are located in this judicial district, and 30 U.S.C. § 1270(c), because the coal mining operations complained of are located in this judicial district.

12. For purposes of this Consent Decree, or any action to enforce this Consent Decree, Defendant consents to this Court's jurisdiction over this Consent Decree and consent to venue in this judicial district.

### III. APPLICABILITY

13. The provisions of this Consent Decree apply to and are binding upon Plaintiff, upon Defendant, and any of their respective successors and/or assigns, and upon other persons or entities otherwise bound by the law.

14. Defendant shall either provide a copy of this Consent Decree to all officers, employees and agents whose duties include compliance with any provision of this Consent Decree or shall provide training or instruction sufficient to allow the officer, employee, agent or contractor to fully comply with the applicable provision of the Consent Decree.

### IV. DEFINITIONS

15. Terms used in this Consent Decree that are defined in the CWA, SMCRA or in regulations issued pursuant thereto shall have the meanings assigned to them therein, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

    a. "Amended Complaint" shall mean the Plaintiff's Amended Complaint for Declaratory and Injunctive Relief entered by the Court in this action on November 21, 2011;

    b. "Consent Decree" or "Decree" shall mean this Consent Decree;

    f. "Effective Date" shall have the definition provided in Section XV;

    l. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral;

    m. "Parties" shall mean Plaintiff and Defendant;

    n. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral;

    r. "WVDEP" shall mean the West Virginia Department of Environmental Protection;

## V. CIVIL PENALTY

  16. Defendant shall pay a civil penalty in the amount of $ 5,000.00 to the United States as set forth in Paragraph 18, below.  The payment of this civil penalty is made in settlement of all of Plaintiff's claims in this action for violations of the CWA and/or SMCRA occurring prior to the effective date of this Consent Decree.

  17. Defendant shall pay the civil penalty due to the United States Treasury within thirty (30) days of the entry of this Decree.  That payment shall be made by bank check to the Treasurer of the United States and should be sent to the following address: Debt Collection Specialist, Environment and Natural Resources Division, Executive Office, PO Box 7754, Ben Franklin Station, Washington D.C. 20044-7754.  The check or money order shall reference *Coal River Mountain Watch, Inc. v. Marfork Coal Company, Inc.*, Civil Action No. 5:11-cv-00065, and payment shall be considered paid upon mailing, or direct delivery to the specified address.  A copy of the check and cover letter shall be sent to Plaintiff at the time payment is made and shall state that payment is being made pursuant to this Decree.

  18. The sum set forth in Paragraph 17, *supra*, resolves Plaintiff's demands for civil penalties for its claims in the Amended Complaint arising from any unauthorized discharges

EXHIBIT 1

allegedly emanating from Defendant's White Queen mine that have occurred or may occur up to the effective date of this Decree.

19. Defendant shall not deduct any penalties paid under this Consent Decree pursuant to this Section in calculating its federal, state or local income tax.

### VII.   COMPLIANCE REQUIREMENTS

20. This Consent Decree in no way affects or relieves Defendant of its responsibility to comply with applicable federal, state and local laws, regulations and permits, but Plaintiff shall not seek any remedies or penalties under the CWA or SMCRA for the unauthorized discharges alleged in its Amended Complaint so long as this Decree is in effect, other than those remedies and penalties set forth herein.

21. Defendant agrees to provide photographic evidence to Plaintiff that a mechanism has been installed which will ensure that the mine pool from the White Queen Mine will not cause or contribute any seeps from the undocumented mine. Defendant will provide such evidence within thirty (30) days of the entry of this Decree.

22. Plaintiff does not waive its right to bring a new action based on pollutant discharges that may occur after the effective date of this decree in the event that Defendant's efforts described in paragraph 4 do not prevent such discharges.

### VIII. COSTS

23. Defendant shall pay reasonable costs and attorneys' fees incurred by Plaintiff in conjunction with this civil action through the Effective Date of this Consent Decree, in accordance with the fee-shifting provisions of the CWA and SMCRA. The Parties have agreed that $20,000.00 is a reasonable amount for Plaintiff's attorney fees and costs. That amount is less than Plaintiff's attorneys' fee as calculated by the lodestar method.

EXHIBIT 1

## IX.  EFFECTIVE DATE

24. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter this Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## X.  SIGNATORIES/SERVICE

25. Each undersigned representative of Plaintiff and Defendant certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

## XI.  INTEGRATION

26. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  Other than deliverables that are subsequently submitted and approved pursuant to this Decree, no other document, nor any representation, inducement, agreement, understanding or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XII.  FINAL JUDGMENT

27. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to Plaintiff and Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

EXHIBIT 1

ENTER: _____March 20_____, 2012

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

For the Plaintiff Coal River Mountain Watch, Inc.

**/s/ Benjamin A. Luckett**                                  Dated: March 13, 2012
BENJAMIN LUCKETT, WVBN 11463
JOSEPH M. LOVETT, WVBN 6926
DEREK O. TEANEY, WVBN 10223
Appalachian Mountain Advocates
P.O. Box 507
Lewisburg, WV 24901
304-645-0125

For the Defendant Marfork Coal Company, Inc.

**/s/ Christopher M. hunter**                                Dated: March 13, 2012
ROBERT G. McLUSKY, WVBN 2489
CHRISTOPHER M. HUNTER, WVBN 9728
JACKSON KELLY, PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, West Virginia 25322
304-340-1203

EXHIBIT 1